NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-3119

———————

UNITED STATES OF AMERICA

v.

JEROME WALKER,
                              Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-15-cr-00492-001)
District Judge: Honorable Mitchell S. Goldberg

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 18, 2019

Before: AMBRO, GREENAWAY, JR., and SCIRICA, *Circuit Judges*

(Opinion Filed:  June 17, 2019)

———————

OPINION*

———————

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Appellant Jerome Walker appeals the District Court's denial of his motion to suppress evidence seized from his residence pursuant to a search warrant. He contends the affidavit of probable cause did not contain sufficient evidence connecting his drug-dealing activities to his residence. Because there was a substantial basis to find that probable cause to search the residence existed, we will affirm.

## I.[1]

After the Philadelphia Police received a tip that Jerome Walker was selling crack cocaine inside and outside of 6735 Woodstock Street, Officer Theresa Weaver—who had over 18 years of experience in narcotics enforcement—initiated an investigation. Weaver ran a computer search of Walker's name and the address and retrieved his photo. She then employed an informant to make controlled purchases of crack cocaine.

During the first controlled buy, the informant knocked on the door of 6735 Woodstock and Walker—who Weaver identified using the photo—answered the door and allowed the informant to enter. The informant left the house shortly after and walked around the corner. Walker then left the house, locked the front door, and entered a Dodge Ram parked on the street. He drove to the driveway behind 6735 Woodstock, where the informant entered the car. A minute later, the informant returned to the police and turned over a chunk of crack cocaine and a piece of paper bearing Walker's name and a phone number, intended to be used for future purchases.

---

[1]     Because Walker challenges the validity of the search warrant, the facts described in this section are taken from the affidavit filed in support of that warrant.

Five days later, the police conducted another controlled buy. The same informant called the number provided by Walker, and a male voice answered and directed the informant to wait in the driveway behind 6735 Woodstock. The same Dodge Ram pulled into the driveway and the informant again entered the car. After less than a minute, the informant got out and then turned over two bags of crack cocaine to the police.

Based on these facts Weaver applied for search warrants for 6735 Woodstock and the Dodge Ram. A Philadelphia Court of Common Pleas judge approved the warrants. The police searched the house and found large amounts of crack cocaine, powder cocaine, marijuana, and heroin, as well as two loaded firearms.

Walker was indicted on several drug and gun charges. He filed a motion to suppress the evidence recovered from 6735 Woodstock and the Dodge Ram, contending the affidavits of probable cause contained material false statements and omissions, *see Franks v. Delaware*, 438 U.S. 154 (1978), and the warrants were not supported by probable cause.[2] After holding evidentiary hearings, the District Court denied the motions. Walker then pleaded guilty, reserving his right to appeal the District Court's

---

[2] Walker was first represented by the Federal Community Defender's Office. About a year after the indictment, Walker asked the Court to remove his lawyer and appoint substitute counsel. The Court appointed substitute counsel from the Criminal Justice Act (CJA) Panel, who filed the suppression motion. Walker again asked the Court to remove appointed counsel and either appoint a new lawyer or allow him to proceed pro se. The Court declined to appoint another lawyer but granted Walker's request to proceed pro se and appointed his CJA lawyer as standby counsel. Walker then filed several additional pro se pretrial motions, including a supplemental *Franks* motion. After the suppression motion was denied, he asked the Court to reappoint counsel. The Court reappointed his CJA lawyer, who represented him at his plea and sentencing hearings and now represents him on appeal.

denial of his suppression motion. He now appeals, contending the warrant to search 6735 Woodstock lacked probable cause because there was no reason to believe evidence of illegal activity would be found there.[3]

## II.

Like the District Court, "we conduct only a deferential review of the initial probable cause determination made by the" judge who issued the warrant. *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010). We must determine whether the "judge had a 'substantial basis' for concluding that probable cause existed to uphold the warrant." *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). To find probable cause, "a[n] [issuing judge's] task is simply 'to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him[,] there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Stearn*, 597 F.3d at 560 (quoting *Gates*, 462 U.S. at 238).

"When the crime under investigation is drug distribution, a [judge] may find probable cause to search the target's residence even without direct evidence that contraband will be found there." *Id.* at 558. This is because "[p]robable cause can be, and often is, inferred from 'the type of crime, the nature of the items sought, the suspect's

---

[3]     The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. In reviewing the District Court's denial of a motion to suppress, we "review the factual findings of the District Court for clear error, and exercise plenary review over the application of law to those facts." *United States v. Pierce,* 622 F.3d 209, 210 (3d Cir. 2010).

opportunity for concealment and normal inferences about where a criminal might hide [evidence].'" *Id.* at 554 (quoting *United States v. Jones*, 994 F.2d 1051, 1056 (3d Cir. 1993)) (alteration in *Stearn*). For drug crimes, there is a sufficient basis to infer that evidence might be found in a drug dealer's residence when the affidavit includes "evidence supporting three preliminary premises: (1) that the person suspected of drug dealing is actually a drug dealer; (2) that the place to be searched is possessed by, or the domicile of, the dealer; and (3) that the home contains contraband linking it to the dealer's drug activities." *United States v. Burton*, 288 F.3d 91, 104 (3d Cir. 2002).

Walker argues there was no evidence supporting the third *Burton* premise. We disagree, as several of the "factors that help establish the required nexus between a defendant's drug-dealing activities and his home" are present in this case. *Stearn*, 597 F.3d at 559. Walker conducted the drug transactions in a car parked in the driveway behind 6735 Woodstock, "rendering his home a more likely repository of his drug-related paraphernalia." *United States v. Hodge*, 246 F.3d 301, 307 (3d Cir. 2001); *cf. Stearn*, 597 F.3d at 560. He was seen leaving the house immediately before selling drugs to the informant, supporting the inference that the drugs were being stored there. Finally, the affidavit provides that Weaver, an officer with substantial experience and specialized training in narcotics investigations, believed that the residence was being used for the storage and distribution of drugs. *See Whitner*, 219 F.3d at 296 ("The issuing judge . . . may give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found.") (citation omitted). These

factors provide a substantial basis for finding that drug-related evidence would be found in 6735 Woodstock. The motion to suppress was properly denied.[4]

## III.

For the foregoing reasons, we will affirm the District Court's denial of the suppression motion.

---

[4] After Walker's appeal was briefed, he filed a pro se motion asking that we remove his lawyer and allow him to file a pro se brief. But Walker is not entitled to hybrid representation. *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012). And his requests to this Court regarding his representation resemble those he made below. After appointment of his CJA counsel, Walker asked that we instead appoint an attorney from the Federal Defender Office (despite his having had his attorney from that office removed in pretrial proceedings). We denied the request pursuant to our practice that trial counsel continue on appeal absent extraordinary circumstances, as Walker and his counsel's disagreement over issues to appeal did not constitute such circumstances. 3d Cir. L.A.R. Misc. 109.1. He then filed this motion to proceed pro se because counsel would not appeal the denial of his *Franks* motion.

The District Court comprehensively and thoroughly addressed his myriad *Franks* claims, and we find no error in its conclusion that these claims are meritless or irrelevant to the probable cause determination. D. Ct. Op. at 7–14. For example, Walker focused on the fact that the property receipts say the drugs were sold by J. Doe of 6700 Woodstock Street without identifying Walker or his address. The Court found Weaver credibly testified that she recorded the drugs this way to keep the investigation confidential, and the use of pseudonyms thus had no bearing on the affidavits' truthfulness. Walker also contended material facts were omitted from the affidavits, such as that he did not own 6735 Woodstock, that the informant did not know him, and that the original tip described his car as a newer model Ford. As the District Court described, these facts would not have undermined the probable cause determination.

But in any event, in *Turner* we held that "except in cases governed by [*Anders v. California*, 386 U.S. 738 (1967)], parties represented by counsel may not file pro se briefs." 677 F.3d at 579 (concluding this rule "promotes effective advocacy"). We also "caution[ed] that a motion to discharge appellate counsel *after* counsel has filed a brief is likely to be denied." *Id.* at 577 n.3. This is not an *Anders* case. *See* 386 U.S. at 744. Accordingly, we will deny Walker's motion pursuant to *Turner*.